## CIRCUIT COURT OF THE CITY OF RICHMOND

Denise P. Winans

v.

Troy A. Dodson

November 17, 1992

Case No. LU-499–1

BY JUDGE MELVIN R. HUGHES, JR.

This is a personal injury action emanating from an automobile collision on the 9th day of March, 1990. The Court sustained defendant's demurrer to the plaintiff's first Motion for Judgment. After plaintiff filed an amended Motion for Judgment, defendant filed a Second Demurrer. The question now, as before, is whether the plaintiff's allegations in support of a claim for punitive damages are sufficient in law.

It is settled law that "[a] demurrer admits the facts which are well pleaded are true. Facts well pleaded and therefore admitted are (1) facts expressly alleged, (2) facts which are by fair intendment impliedly alleged, and (3) facts which may be fairly and justly inferred from the facts alleged." *Ames v. American National Bank*, 163 Va. 1, 37 (1934). Plaintiff has alleged that the defendant rear-ended the automobile she was driving while stopped. After the initial impact, defendant's vehicle then continued down the side of plaintiff's vehicle before taking off at a high rate of speed crossing double lines and nearly missing oncoming traffic. In addition, plaintiff alleges defendant was (1) drunk at the time with a blood alcohol content of .27, (2) had caused another accident, and (3) had been convicted of drunk driving in 1983 and in 1987.

"One who knowingly drives his automobile on the highway under the influence of intoxicants, in violation of statute, is, of course, negligent. It is a wrong, reckless, and unlawful thing to do, but it is not necessarily a malicious act." *United Construction Workers, et al. v. Laburnum Construction Corp.*, 194 Va. 872 (1953). The allegations

of how the collision occurred and the post accident conduct, blood alcohol content, a prior accident involving drinking, and previous convictions of drunk driving all do not establish egregious conduct which was the proximate cause of plaintiff's injuries to support a claim for punitive damages. *Booth v. Robertson,* 236 Va. 269 (1988). In *Booth* not only did the defendant drive with a high blood alcohol content, he drove the wrong way on an interstate highway for a considerable distance at a high rate of speed without paying heed to oncoming drivers warning him before he collided with plaintiff. The allegations here would support plaintiff's claim for injuries due to negligence. They do not support a claim for punitive damages because they do not set out accompanying acts of conscious disregard that led to plaintiff's injuries.

For these reasons, the second Demurrer is sustained without leave to amend.