PRESENT: All the Justices

DANIEL P. BRUGH

                                              OPINION BY
v.  Record No. 020852          JUSTICE DONALD W. LEMONS
                                         JANUARY 10, 2003
JOHN LEE JONES


              FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                      Robert P. Doherty, Jr., Judge

    In this appeal, we consider whether the trial court erred
in refusing to admit evidence that the defendant in a personal
injury action left the scene of the accident.

                      Facts and Proceedings Below

    Daniel P. Brugh ("Brugh") was a passenger in an automobile
operated by Harvey Leonard Poff ("Poff") when that vehicle was
struck from behind by an automobile operated by John Lee Jones
("Jones").  The collision pushed the Poff vehicle 60 to 80 feet
from the point of impact.  Poff's vehicle came to rest in a
parking lot off the road.  Poff left the vehicle to speak with
Jones; however, Brugh was injured and remained in the
automobile.  When Poff informed Jones that the police would be
called to the scene, Jones returned to his automobile and left
the scene of the accident.  Because Jones abruptly left the
scene, neither Poff nor Brugh had the opportunity to determine
the extent of damage to Jones' automobile.  Apparently, police
did not locate Jones, but Poff and Brugh located him two weeks

later.  They discovered that Jones worked in an automobile body shop.

Although Jones apparently lied under oath at the criminal hearing in the general district court stating that he was not the driver of the automobile that struck Poff's automobile, he later admitted in responsive pleadings in the civil action for damages that he was the driver of that automobile. Additionally, Jones admitted negligence in the operation of his vehicle and causation of damages to Brugh, leaving the amount of damages as the primary issue at trial.

At trial, Jones introduced photographs of his automobile showing no damage to the front of the vehicle.  Brugh sought to impeach Jones on cross-examination with evidence that Jones abruptly left the scene of the accident in his automobile; however, the trial court would not permit any mention of Jones' leaving the scene of the accident.  Subsequently, Brugh sought to introduce the same evidence in rebuttal.  Again, the trial court refused to permit the introduction of such evidence.

In closing argument, counsel for Jones displayed the photographs to the jury and argued that the impact from the collision was so slight that there was no damage to Jones' vehicle.  With evidence of $1,318 in uncontroverted medical expenses, the jury's verdict for Brugh was $2,000.  In post-verdict motions, Brugh sought a new trial, arguing that the

2

trial court erred in excluding evidence, by impeachment or rebuttal, of Jones' sudden departure from the scene of the accident, thereby depriving Brugh and Poff of the opportunity to examine the extent of damage to Jones' automobile. Brugh argued that the trial court's error was exploited by counsel for Jones when he argued to the jury that the photographs depicted an undamaged and unrepaired vehicle, suggesting a low impact collision that caused limited personal injury to Brugh. The trial court refused to set aside the verdict and order a new trial. Brugh appeals the adverse judgment of the trial court.

## Analysis

When evidence is offered at trial, it is necessary to identify the purpose for its introduction. While evidence may be relevant in that it tends to establish the proposition for which it is offered, in order to be admissible, it must also be material, meaning that the evidence tends to prove a matter that is properly at issue in the case. Also, otherwise admissible evidence may nonetheless be excluded based upon specific rule or other statutory or common law considerations.

In this case, Jones admitted liability, leaving as the primary issue the quantum of damages. As we have previously noted:

> This does not mean, however, that an admission of liability precludes a plaintiff in an action for personal injuries from showing how the accident

> happened if such evidence is material and relevant to the question of damages. Where liability has been admitted and the only issue to be determined is the quantum of damages, the force of the impact and the surrounding circumstances may be relevant to show the extent of plaintiff's injuries.

Eubank v. Spencer, 203 Va. 923, 925-26, 128 S.E.2d 299, 301-02 (1962).

In this case, Brugh and Poff testified about the severity of the impact and its relationship to the injuries sustained by Brugh. Jones testified that the impact was slight and offered photographs of his automobile without damage as support for his testimony. He stated that the automobile had not been repaired after the collision and that the photographs accurately represented the condition of his automobile immediately after the collision. The degree of impact was already an issue in the case; however, when Jones offered evidence that his automobile was not damaged and had not been repaired, he placed into issue the reliability of the evidence offered and his own credibility on the matter.

It is apparent from the record that the trial court misapprehended the plaintiff's purpose in offering the evidence. Concluding that "[t]he law of the Commonwealth does not allow it to be presented in evidence at this time[,]" the trial court stated:

4

> [I]t ought to be admissible that somebody left
> the scene of the accident, ought to be some way
> that damages could be considered by a jury, in
> that a person has a duty of care to see to it
> that someone's not injured, to render aid and
> assistance if necessary, to be present so that
> the information can be delivered to the police so
> that the accident can be properly investigated.

In this case, Brugh did not seek to offer evidence that Jones committed the crime of leaving the scene of an accident, often referred to as "hit and run." Rather, Brugh sought to introduce evidence that Jones abruptly removed his automobile from the scene of the accident, thereby precluding immediate examination of the vehicle by Brugh and Poff. Additionally, Brugh did not offer the evidence as an independent basis for an award of damages. The evidence was offered in support of Brugh's claim that the impact of the collision was severe and in opposition to Jones' claim that the impact was slight.

Brugh had established on cross-examination that Jones had lied under oath in a prior general district court proceeding concerning whether he was the operator of the vehicle. Two weeks after the accident, Brugh and Poff located Jones and the vehicle. The evidence revealed that Jones worked in an automobile body repair shop. Jones denied that the vehicle had been repaired. In this context, the evidence offered was probative for the purpose of impeachment on cross-examination because credibility of a witness is always a matter properly at

5

issue.  The evidence was also probative on rebuttal because the condition of Jones' vehicle had been placed into issue by his photographic evidence and his testimony.

We hold that, under the specific circumstances of this case, the trial court abused its discretion by holding that as a matter of law, evidence of Jones' abrupt leaving of the scene of the accident was inadmissible.  However, upon remand, and should there be a new trial, the trial court must apply a balancing test to determine whether the probative value of the evidence outweighs its prejudicial effect.  "With regard to the admission of evidence, the responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court."  Lombard v. Rohrbaugh, 262 Va. 484, 492, 551 S.E.2d 349, 353 (2001).  In a civil case involving introduction of evidence of conduct that may have been unlawful, we stated that "[t]he trial judge, in his discretion, had the responsibility of weighing the probative value of the evidence on this main issue against its possible prejudicial effect in showing [the appellant's] desire to make an illegal payment to an unlicensed agent."  Seilheimer v. Melville, 224 Va. 323, 328, 295 S.E.2d 896, 899 (1982).

Finally, Jones maintains that any error committed by the trial court was harmless.  We disagree.  With liability and causation of damages admitted, the only issue remaining in the

plaintiff's case was the quantum of damages.  In this case, the quantum of damages was directly tied to the severity of the impact in the collision.  The evidence was in conflict on this subject.  The evidence sought to be introduced by cross-examination or by rebuttal that Jones removed his automobile from the scene would have discredited Jones' testimony on a major issue in controversy.  If the evidence was admissible, its exclusion was not harmless.

Conclusion

For the reasons stated above, we will reverse the judgment of the trial court and remand for a new trial.

<u>Reversed and remanded</u>.