## CIRCUIT COURT OF THE CITY OF ROANOKE

Stephen J. Carrolla

v.

William M. Rogers, Jr.

April 16, 2003

Case No. CL99-491

BY JUDGE CHARLES N. DORSEY

The issues before the Court are:
I. The defendant's motion to strike the punitive damage claim of the plaintiff;[1]
II. The motion in limine of the defendant to:
A. Exclude evidence of intoxication from the trial and
B. To exclude evidence of the defendant's leaving the scene of the accident.

### I. *Motion to Strike Punitive Damage Claim*

It is well settled in Virginia that in order to recover punitive damages under a common law claim, the plaintiff must allege, and prove, negligence so willful or wanton as to evince conscious disregard of the rights of others or

---

[1] This motion was based on the pleadings and anticipated testimony of certain witnesses and counsel had anticipated being able to supply a stipulated proffer of evidence on which the Court could base its ruling. Being unable to agree on such proffer, defense counsel propounded interrogatories and the motion to strike has now been re-denominated as a motion for partial summary judgment based on the pleadings and supplemental interrogatory answer of the plaintiff.

malicious conduct. See *Booth v. Robertson*, 236 Va. 269, 374 S.E.2d 1 (1988).[2] The amended motion for judgment alleges, in pertinent part, in addition to the ordinary allegations of negligence, that the defendant's behavior constituted willful and wanton conduct and conscious disregard for the rights and safety of others due to the fact the defendant "knew that driving after drinking alcohol beverages was unsafe," "knew from prior experience that alcohol would impair his . . . ability to drive an automobile," and he "made the conscious and unconscionable decision to drive" despite being unfit to do so. While this language largely tracks the elements of Virginia Code § 8.01-44.5, it does not allege a blood alcohol level of 0.15 or more.[3] The punitive claim is therefore based on common law.

The proffered facts contained in the defendant's answers to supplemental interrogatories propounded by the plaintiff are based on the transcribed statement of retired police officer T. R. Brown, the factual observations of the plaintiff, the factual observations of his mother, and the statements of the defendant along with the defendant's alleged history of alcohol abuse and treatment and prior conviction for driving under the influence in the City of Roanoke. I have not had provided to me the depositions of the plaintiff, his mother, or the defendant, though counsel have alluded to salient facts contained therein in their argument of these issues. I have had supplied to me the transcribed statement of retired police office T. R. Brown. In pertinent part, Officer Brown, who was also in traffic and witnessed the accident, observed the defendant's vehicle run a red light at Pollard Street, weave a lot, vary speed radically up and down and saw the defendant staggering after getting out of the car following impact. Officer Brown also noted that there was no effort made by the defendant to brake prior to impact.

Our Supreme Court has made clear that as tempting as it may be to merely compare the facts from appellate cases involving punitive damages, "That is not the applicable test. Each case must be determined on its own set of facts." See *Huffman v. Love*, 245 Va. 311, 427 S.E.2d 357 (1993). The trial court's inquiry is limited to determining if reasonable persons could differ in their conclusions as to whether the defendant's negligent conduct was so willful or wanton as to show a conscious disregard of the rights of others. In making that determination, however, comparison with other cases having similar facts is instructive.

---

[2] The General Assembly restated this proposition of the common law in Virginia Code § 8.01-44.5.

[3] Under the facts adduced so far, there is no basis for such allegation and counsel properly did not plead it.

*Puente v. Dickens*, 245 Va. 217 (1993), is argued by the defendant to be factually similar to the instant case. *Puente* involves a driver who had been drinking before the truck he was driving collided with the car in which Puente was a passenger. That car had stopped at a traffic light with brake and rear lights lighted. Another driver observed that the defendant's truck passed her "going very fast" and that no brake lights came on. As the Supreme Court in *Puente* noted, a jury could find that the defendant was drunk, that he was going very fast, that he did not attempt to stop before striking the plaintiff's car, and that he had attempted to leave the scene of the collision but those combined factors were insufficient to justify a finding of wanton negligence necessary for an award of punitive damages. In the instant case, there is also an allegation that the defendant fled the scene following the accident.

In *Huffman v. Love*, 245 Va. 311, 427 S.E.2d 357 (1993), the Supreme Court reversed the judgment of the trial court in concluding that there was insufficient evidence to proceed with a claim of punitive damages. In *Huffman*, there was evidence that the defendant was operating his vehicle while intoxicated at a level three times greater than the statutory presumption, drove his vehicle in that intoxicated state, collided with another vehicle prior to the collision at issue, and nonetheless continued to drive. In *Woods v. Mendez*, 265 Va. 68, 574 S.E.2d 263 (2003), the Supreme Court also found that the trial court erred in striking the punitive damage claim. In *Mendez*, the defendant operated a motor vehicle after consuming at least ten beers, continued to drink, knew he was in danger in falling asleep, and did, in fact, fall asleep prior to impact.

Also involving similar facts is the circuit court case of *Smith v. Read*, 28 Va. Cir. 381 (1992), by Judge Ledbetter, in which the plaintiff's claim for punitive damages was dismissed on demurrer in a case where there was a blood alcohol content of .10%, driving at an excessive rate of speed, and switching from lane to lane prior to striking the plaintiff's vehicle. Similarly, the circuit court case of *Winans v. Dotson*, 29 Va. Cir. 315 (1992), involved facts where the defendant had a blood alcohol content of .27%, struck the plaintiff's vehicle, continued driving at a high rate of speed, crossed the double yellow line, and narrowly missed oncoming traffic, with a prior record of two DUI convictions. The trial court nonetheless sustained a demurrer to the punitive damage claim in that case as well.

In another case from Judge Ledbetter's court, reported yesterday, *Fernandez v. Cadow* (Spotsylvania County 2003),[4] the Court struck a punitive damage claim where the defendant had a blood alcohol content of .15 or more,

---

[4] This case is printed above at page 436. [Reporter's Note]

knew that she would be driving at the time that she drank and that her driving would be impaired, ran a stop sign, and struck the plaintiff.

In the present case, looking at the evidence in the light most favorable to the plaintiff, there will apparently be evidence of drinking (probably even of intoxication) on the part of the defendant. There will not, however, be evidence of any blood alcohol level since the defendant left the scene following the accident. There will also not be evidence of any prior collision, of the defendant's falling asleep, or of any other facts except those amounting to simple negligence. As Judge Ledbetter wrote in *Fernandez*, "egregious conduct that evinces a conscious disregard of the rights of another involves a *combination* of circumstances related to drinking *and* driving." (Emphasis in original.) Driving at an excessive speed, weaving, failing to brake prior to collision, and intoxication of an unknown level, all constitute negligence but do not constitute malice or willful and wanton conduct. All other allegations relate to drinking. No allegations relate to drinking and driving. I consequently sustain the defendant's motion to strike the punitive damage claim of the plaintiff.

## II. *The Motion in Limine of the Defendant*

### A. *Evidence of Intoxication*

Having struck the punitive damage claim, it is clear that "in the absence of proof of one or more of the elements necessary to justify an award for punitive damages, [evidence of intoxication] may not be used to enlarge an award of damages beyond that which will fairly compensate the plaintiff for the injuries suffered." See *Baker v. Marcus*, 201 Va. 905, 114 S.E.2d 617 (1960).

The plaintiff contends that even the general evidence of intoxication of the defendant is relevant and material to show the extent of the injuries inflicted and the damages sustained. However, the "damages inflicted would have been the same whether or not the wrongdoer was sober or under the influence of intoxicants." *Eubank v. Spencer*, 203 Va. 923, 128 S.E.2d 299 (1962), quoting *Baker v. Marcus, supra*, 201 Va. at p. 910.

Consequently, although this ruling is solely based on the facts adduced at this stage and is not intended to restrict either party from the introduction of any evidence at trial which may be relevant and material, particularly if offered for other purposes, I will sustain the defendant's motion in limine to exclude evidence of intoxication from the trial for the purposes of enlarging any award of damages. However, it is a needless restriction on both parties, at this stage of the proceedings, to prohibit introduction of evidence of intoxication under any

circumstances since unforeseen issues may arise on which such evidence would be admissible and appropriate.[5] In the event either party should attempt to introduce such evidence and have objection sustained prohibiting the introduction of such evidence, proper jury instructions could be used to prohibit improper use of such evidence by the jury.

## B. *Evidence of Defendant's Leaving the Scene of the Accident*

The defendant urges that, if the defense does not present evidence regarding the nature of the property damage sustained, the defendant's departure from the scene should not be admissible. Both parties rely on *Brugh v. Jones*, 265 Va. 136, 574 S.E.2d 282 (2003), though, not surprisingly, the parties differ in their construction of that opinion.

The trial in *Brugh* was one in which liability had been conceded by the defendant and one in which the defendant clearly testified that the impact was "slight." The *Brugh* Court, in remanding the case for a new trial, clarified that the trial court "must apply balancing tests to determine whether the probative value of the evidence outweighs its prejudicial effect."

By leaving the scene of the accident, the defendant deprived the plaintiff of an opportunity to even be aware of the degree of damage to the defendant's vehicle, which evidence might otherwise bear directly on the severity of the impact. The plaintiff has not advanced any argument suggesting that he wishes to introduce this evidence to show that the defendant committed any criminal offense, whether "hit and run" or otherwise. In fact, were the plaintiff to seek to introduce this evidence for that purpose, it would be inappropriate. To the extent such evidence may be properly introduced but inappropriately considered by the jury, it could be dealt with by a cautionary instruction. The evidence of the defendant's leaving the scene, as in *Brugh*, is being offered in support of the plaintiff's claim that the impact of the collision was severe and in opposition to any implication that the impact was slight.[6] In balancing those interests the probative value outweighs the possible prejudicial effect, particularly when a cautionary instruction may be used, if necessary. Consequently, subject to any other objections that may be

---

[5] Counsel have not suggested any other basis for the introduction of such evidence, and none may exist.

[6] An explicit attempt by the defendant to minimize the impact, and potentially thereby, the damages, is not the only way such argument may be brought to the jury's attention. The plaintiff may wish to oppose any reasonable inference or implication, as well.

452

interposed at trial, I deny the defendant's motion in limine to exclude evidence of the defendant's leaving the scene of the accident.