COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Causey, Lorish and White
Argued by videoconference


JORGE CRUZ
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0517-23-3              JUDGE DORIS HENDERSON CAUSEY
                                                         APRIL 9, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

Gregory T. Casker for appellant.

Rebecca Johnson Hickey, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Following a jury trial, the Circuit Court of Pittsylvania County convicted Jorge Cruz of

assault and battery on a law enforcement officer, in violation of Code § 18.2-57(C).  Cruz asserts on

appeal that the trial court erred in refusing to suppress evidence of statements he made and actions

he took following the assault and battery and in finding that the evidence was sufficient to support

his conviction.  For the following reasons, we affirm the court below.

BACKGROUND[1]

In January 2022, Officer T.E. Sawyer with the Hurt Police Department was in uniform and

displaying his badge of authority when a vehicle traveling at a high rate of speed almost struck his

_____

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the
light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*,
295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)).  On appeal,
we discard any of appellant's conflicting evidence, and regard as true all credible evidence
favorable to the Commonwealth and all inferences that may reasonably be drawn from that
evidence. *Id.* at 473.

police cruiser. The driver of the vehicle, later identified as Cruz, accelerated across the road, struck a trash can, slid into a ditch, and then continued up the driveway of a nearby house, "spinning tires on the ice." Officer Sawyer activated his emergency lights and initiated contact with Cruz in the driveway. Cruz explained that he was having a marital dispute with his estranged wife, Lisa Cruz, who was inside the residence. In a conversation with Lisa, Officer Sawyer gleaned information causing him to suspect that Cruz committed a crime and arrested him.

Officer Sawyer arrested Cruz and escorted him to the police car. During a search incident to arrest, Cruz became increasingly agitated and began to yell and curse. He repeatedly pushed back against Officer Sawyer and was generally uncooperative until he was secured in the back of the police car for transport. During the 30-minute ride to the magistrate's office, Cruz yelled derogatory remarks, cursed, made pig sounds and other animal noises, and changed the lyrics to songs playing on the radio. When they arrived at the magistrate's office, Officer Sawyer sat at a table to fill out the criminal complaint and Cruz sat on an adjacent wooden bench within approximately six feet.

For the next 15 to 20 minutes, Cruz continued to make derogatory comments as he waited for Officer Sawyer to fill out the complaint. Cruz then began to vomit on the floor. When Officer Sawyer tried to create distance between himself and Cruz, Cruz scooted closer and then stood up and spat vomit in Officer Sawyer's direction, spraying his face and uniform. Officer Sawyer grabbed Cruz and called the magistrate for assistance. All the while, Cruz continued to yell and scream demeaning comments and made pig noises at Officer Sawyer. Cruz continued his verbal assault on Officer Sawyer even after he was transported to the hospital and while he was receiving medical care for a nose injury he received during the encounter. The entire interaction was captured on Officer Sawyer's body worn camera and, in relevant part, played for the jury at trial.

- 2 -

Upon his release from the hospital, Cruz was arrested for assault and battery on a law enforcement officer and returned to the magistrate's office. Before trial, Cruz filed a motion *in limine*, seeking to exclude evidence of his statements and conduct after the vomiting incident. Cruz argued that evidence of his conduct following the assault would be highly prejudicial and should be excluded. The trial court denied the defendant's motion *in limine* finding,

> It . . . clearly would be prejudicial but the probative and relevancy value to show because the Commonwealth has the burden of showing intent, and the actions of the defendant to the alleged victim would be relevant, especially afterwards. I mean obviously if he were apologetic you would want that in. If he's abrasive and continuing on, then that's what the Commonwealth wants in.

The jury convicted Cruz of assault and battery on a law enforcement officer. This appeal followed.

## ANALYSIS

### I. Motion to Suppress Post-Assault Behavior

Cruz first contends that the trial court erred in admitting evidence of his behavior following his assault upon Officer Sawyer. He argues that the actions he displayed after the alleged assault were irrelevant, nonprobative, and unduly prejudicial. We disagree.

"The determination of the 'admissibility of evidence is within the discretion of the trial court,' and an appellate court will not reject such decision absent an 'abuse of discretion.'" *Williams v. Commonwealth*, 71 Va. App. 462, 487 (2020) (quoting *Tirado v. Commonwealth*, 296 Va. 15, 26 (2018)). "The abuse of discretion standard draws a line—or rather, demarcates a region—between the unsupportable and the merely mistaken, between the legal error . . . that a reviewing court may always correct, and the simple disagreement that, on this standard, it may not." *Jefferson v. Commonwealth*, 298 Va. 1, 10-11 (2019) (alteration in original) (quoting *Reyes v. Commonwealth*, 297 Va. 133, 139 (2019)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court

- 3 -

does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

Evidence must be relevant to be admissible, and "[e]vidence is relevant if it has 'any tendency to make the existence of any fact in issue more probable or less probable than it would be without the evidence.'" *Jones v. Commonwealth*, 71 Va. App. 70, 88 (2019) (quoting Va. R. Evid. 2:401); *see also* Va. R. Evid. 2:402. "The scope of relevant evidence in Virginia is quite broad, as '[e]very fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue is relevant.'" *Commonwealth v. Proffitt*, 292 Va. 626, 634 (2016) (alteration in original) (quoting *Va. Elec. & Power Co. v. Dungee*, 258 Va. 235, 260 (1999)). In addition to being relevant, the evidence "must also be material." *Id.* (quoting *Brugh v. Jones*, 265 Va. 136, 139 (2003)). Materiality means that the evidence "tend[s] to prove a matter that is properly at issue in the case." *Id.* at 635 (quoting *Brugh*, 265 Va. at 139).

"To sustain a conviction for battery, the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Parish v. Commonwealth*, 56 Va. App. 324, 330 (2010) (alteration in original) (quoting *Wood v. Commonwealth*, 149 Va. 401, 404 (1927)). A willful act is "done deliberately: [it is] not accidental or without purpose." *Willful*, *Webster's Third New International Dictionary* (1981). "Intent, like any element of a crime, may, and usually must, be proved by circumstantial evidence such as a person's conduct and statements." *Simon v. Commonwealth*, 58 Va. App. 194, 206 (2011). To that end, "[t]he statements and conduct of an accused after the events that constitute the charged crime may also be relevant circumstantial evidence of intent." *Id.*

In this case, the Commonwealth was required to prove that Cruz intentionally committed a battery, i.e. a rude, insolent or angry touching, upon Officer Sawyer. Cruz argues that the evidence of his post-assault behavior was only relevant, if at all, to prove his animosity toward Officer

Sawyer for pushing him against the wall. He argues that, because his post-assault behavior did not include any specific threats to harm or offensively touch the officer, it was completely unrelated to the assault itself. As the trial court found, however, the evidence of Cruz's behavior after the assault was probative of his intent to commit the assault. Indeed, after vomiting on Officer Sawyer, Cruz said he would sue him, repeatedly referred to him as a "stupid mother-fucker," barraged him with an unbroken chain of profanity, and twice expressly stated, "that's what you get you fucking bitch." Cruz's statements and behavior after the assault clearly indicated the animosity he felt toward Officer Sawyer and proved his intent.

The mere fact that the evidence was prejudicial does not change the outcome. "[A]ll probative direct evidence generally has a prejudicial effect to the opposing party." *Lee v. Spoden*, 290 Va. 235, 251 (2015). The trial court weighed the probative nature of the evidence against its likely prejudice and concluded that it was relevant and probative to the element of intent. Because that finding is not plainly wrong, we will not disturb it on appeal. We will therefore affirm the trial court on this assignment of error.

## II. Sufficiency of the Evidence

Cruz next asserts that the trial court erred in finding the evidence sufficient to support his conviction. Specifically, Cruz contends that the evidence failed to prove he "had any intent to do bodily harm to Officer Sawyer." Again, we disagree.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the

relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"[I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a law-enforcement officer . . . engaged in the performance of his public duties anywhere in the Commonwealth, such person is guilty of a Class 6 felony." Code § 18.2-57(C). "To sustain a conviction for assault, the Commonwealth must prove 'an attempt or offer, with force and violence, to do some bodily hurt to another.'" *Parish*, 56 Va. App. at 329 (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 468 (2000)). "The attempt or offer to do bodily harm 'occurs when an assailant engages in an overt act intended to inflict bodily harm [while he] has the present ability to inflict such harm.'" *Id.* at 329-30 (alteration in original) (quoting *Clark v. Commonwealth*, 279 Va. 636, 641 (2010)). "To sustain a conviction for battery, the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Id.* at 330 (alteration in original) (quoting *Wood*, 149 Va. at 404). "Whether a touching is a battery, depends on the intent of the actor, not on the force applied." *Id.* (quoting *Adams*, 33 Va. App. at 469). "The law is clear that '[t]he slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress.'" *Kelley v. Commonwealth*, 69 Va. App. 617, 628 (2019) (alterations in original) (quoting *Adams*, 33 Va. App. at 469).

"One cannot be convicted of assault and battery without an intention to do bodily harm— either an actual intention or an intention imputed by law." *Adams*, 33 Va. App. at 468 (quoting *Davis v. Commonwealth*, 150 Va. 611, 617 (1928)). "Intent may, and often must, be inferred from

the facts and circumstances of the case, including actions of the accused and any statements made by him." *Carter v. Commonwealth*, 280 Va. 100, 105 (2010) (quoting *Stanley v. Webber*, 260 Va. 90, 96 (2000)). "Where the conduct of the accused under the circumstances involved points with reasonable certainty to a specific intent to commit [the crime], the intent element is established." *Knight v. Commonwealth*, 61 Va. App. 148, 161 (2012) (alteration in original) (quoting *Wilson v. Commonwealth*, 249 Va. 95, 101 (1995)). "Intent is a factual determination, and a trial court's decision on the question of intent is accorded great deference on appeal and will not be reversed unless clearly erroneous." *Towler v. Commonwealth*, 59 Va. App. 284, 297 (2011). To that end, "[c]ircumstantial evidence is as acceptable to prove guilt as direct evidence, and in some cases, such as proof of intent or knowledge, it is practically the only method of proof." *Abdo v. Commonwealth*, 64 Va. App. 468, 475-76 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

Here, the evidence sufficiently supported the jury's finding that Cruz committed an assault and battery on Officer Sawyer. The evidence showed that immediately upon his arrest, Cruz became increasingly agitated, yelled and cursed, made pig noises and other animal sounds, and engaged in a course of offensive name-calling. He continued his tirade for the entire 30-minute drive to the magistrate's office and while Officer Sawyer calmly filled out the criminal complaint form. The video-surveillance showed Cruz vomiting repeatedly on the floor before moving closer to Officer Sawyer, suddenly standing up, and thrusting his body forward to spit or vomit on him. The spray hit Officer Sawyer's face and uniform. "Whether an act is done in a 'rude, insolent, or angry manner' is a finding of fact that this Court will not disturb on appeal unless the finding is plainly wrong or no evidence supports it." *Kelley*, 69 Va. App. at 628-29 (quoting *Parish*, 56 Va. App. at 332). Officer Sawyer's testimony, corroborated by his body worn camera, proved that

Cruz purposely spit vomit on Officer Sawyer in what can be described only as a rude, insolent, and an angry response to his arrest.

Cruz still insists that his actions were accidental and unintentional and more likely occurred when he tripped on his shoelaces. The body worn camera footage belies that assertion. In the footage, Cruz lunged forward and spit vomit on Officer Sawyer and then stated afterward that Officer Sawyer got what he deserved. "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." *Hamilton v. Commonwealth*, 16 Va. App. 751, 755 (1993). Accordingly, we hold that the Commonwealth's evidence was competent, not inherently incredible, and sufficient to sustain Cruz's conviction.

## CONCLUSION

In sum, the trial court did not abuse its discretion in admitting the evidence Cruz sought to exclude. The evidence was relevant to the element of intent, and its probative nature was not substantially outweighed by any unfair prejudice to the accused. The circumstances presented here, viewed in their entirety, proved that Cruz intended to, and did, commit an assault and battery upon Officer Sawyer while the officer was engaged in the performance of his duties.

*Affirmed*.