COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Malveaux, Fulton and White
Argued at Salem, Virginia


ZACHARY LENDELL RAINES

MEMORANDUM OPINION[*] BY
v.        Record No. 1416-23-3          JUDGE JUNIUS P. FULTON, III
MARCH 25, 2025

SARAH MARGARET MILLARD


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Frederick Watson, Judge

Zachary L. Raines, *pro se*.

Kelly Cutler Lumb (Mary B. Chamberlin, Guardian ad litem for the
minor children; Cutler Law, PLLC; Petty, Livingston, Dawson &
Richards, on brief), for appellee.


Zachary Lendell Raines ("father") appeals the trial court's custody determination awarding

sole physical custody to Sarah Margaret Millard ("mother") and legal custody to both father and

mother.  Father brought eight assignments of error, but only properly preserved assignments of error

II, IV, V, VI, and VII.  Assignments of error I, III, and VIII are therefore waived.  Father's

remaining assignments essentially assert three errors by the trial court: (1) that the trial court did not

properly consider the best interests of the children under Code §§ 20-124.2 and -124.3, (2) that the

guardian ad litem was biased, and (3) that the trial court erred in making certain evidentiary rulings.

We disagree and affirm the trial court.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

## I. BACKGROUND[1]

This case involves a custody dispute between appellant Zachary Lendell Raines ("father") and Sarah Margaret Millard ("mother") over their two minor children. The parties lived together[2] from 2013-2021, during which time the two children were born. While the parties coparented well for some time, conflict grew and despite mediation, the parties were unable to come to an agreement. On June 25, 2022, the Juvenile and Domestic Relations District Court of Lynchburg City ("JDR court") entered an order granting the parents joint legal and physical custody, with parenting time split in a "week on/week off" schedule. Mother appealed to the circuit court for a trial de novo. At trial, the judge heard extensive evidence of conflict between the parents, including disagreements about healthcare decisions and extracurricular activities for the children. The court interviewed the oldest child in camera during the trial. The trial court entered an order awarding joint legal custody to the parties and primary physical custody to mother. The circuit court also gave mother final decision-making power to the extent the parties could not reach an agreement on parenting decisions relating to the children's education and healthcare.

On appeal, father argues the circuit court (1) misapplied Code §§ 20-124.2 and -124.3 in determining the custody arrangements in the best interests of the children (assignments of error II, IV, and VII), (2) erroneously displayed partiality against father during the trial by consistently ruling against him on evidentiary issues and other incidents of trial (assignment of error III), (3) improperly considered the guardian ad litem's (GAL) recommendations despite the GAL's displaying bias against father (assignment of error V), (4) erred in excluding relevant evidence

---

[1] "Under the applicable standard of review, we view the evidence in the light most favorable to the [mother] as the party who prevailed below." *Bennett v. Commonwealth*, 69 Va. App. 475, 479 n.1 (2018) (citing *Riner v. Commonwealth*, 268 Va. 296, 303, 327 (2004)).

[2] Father and mother were never married.

- 2 -

proffered by father (assignment of error VI), and (5) erred in admitting testimony from one of the minor children (assignment of error VIII).

In assignment of error I, father asserts that the circuit court failed to adequately communicate the basis of its custody decision, but he explicitly abandoned this argument in his opening brief. The argument is therefore waived.

In assignment of error III, father argues the circuit court displayed a pattern of partiality during trial for mother and against father by consistently ruling against him on evidentiary objections and other incidents of trial. But in the portion of the record father cites as the location at which he preserved assignment of error III (in his motion for reconsideration), father argues that the circuit court must have treated him unfairly because it issued a ruling favoring mother despite finding the evidence in relative equipoise. As father's argument on appeal is different than his argument to the trial court, he did not preserve the argument he now seeks to make. Assignment of error III is thus waived. Rule 5A:18.

In assignment of error VIII, father challenges the circuit court's admission of testimony from one of the children. At trial, father initially objected to the testimony but then explicitly withdrew his objection. Assignment of error VIII is thus waived. Rule 5A:18.

As such, we only address assignments of error II, IV, V, VI, and VII. After thorough review, we affirm the trial court.

## II. ANALYSIS

Virginia law establishes the standards that trial courts must adhere to when considering disputes of child custody:

> "In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." *Farley v. Farley*, 9 Va. App. 326, 327-28 (1990); *see also* Code § 20-124.2(B). The trial court's determination must be based on all the evidence, the factors listed in Code § 20-124.3, and the best interests of the child "as viewed under the circumstances

- 3 -

existing at the time of the decision." *Cloutier v. Queen*, 35 Va. App. 413, 425 (2001). *See also* Code § 20-124.2(A). While the court must consider the factors in the statute, "it is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" *Sargent v. Sargent*, 20 Va. App. 694, 702 (1995) (quoting *Woolley v. Woolley*, 3 Va. App. 337, 345 (1986)).

"A trial court's determination of a child's best interests 'is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.'" *Vissicchio v. Vissicchio*, 27 Va. App. 240, 246 (1998) (quoting *Farley*, 9 Va. App. at 328). "We defer to the trial court's evaluation of the credibility of the witnesses who testify *ore tenus*." *Shackelford* [*v. Shackelford*], 39 Va. App. [201,] 208 [(2002)].

*O'Rourke v. Vuturo*, 49 Va. App. 139, 150-51 (2006). In short, the trial court's role in these matters is to carefully weigh the evidence presented by each parent and then make a custody determination based on what the trial court concludes is in the best interests of the children. What weight is given to one piece of evidence over another is entirely within the discretion of the trial court.

A. Assignment of Error II: The trial court did not err in its application of Code § 20-124.3.

Father argues that the trial court did not properly weigh the factors in Code § 20-124.3 that decide the "best interests of the children," but fails to "'lay his finger' on the alleged misjudgment of the court below." *Embrey v. Commonwealth*, No. 0778-16-3, slip op. at 2, 2017 Va. App. LEXIS 89, at *3 (Mar. 28, 2017) (quoting *Forest Lakes Cmty. Ass'n v. United Land Corp. of Am.*, 293 Va. 113, 122 (2017)).[3] "A properly aimed assignment of error must 'point out' the targeted error and not simply take 'a shot into the flock' of issues that cluster around the

---

[3] *Embrey* is properly cited as informative and persuasive in this case but is not binding precedent. *See Taylor v. Commonwealth*, 77 Va. App. 149, 161 n.2 (2023). This Court may consider unpublished decisions as "informative." Rule 5A:1(f).

litigation." *Id.* at 3, 2017 Va. App. LEXIS 89, at \*3 (quoting *Forest Lakes*, 293 Va. at 123). As such, we find no error in the trial court's custody determination.

First, father argues that the trial court's decision fails to account for the fact that both parents are "fit and loving," specifically pointing to the "minor child's improved academic performance during the period of joint custody." Second, father argues that limiting his parenting time and giving mother final decision-making authority excessively limits his involvement with the children. He argues that the trial court's order "further jeopardizes the [father's] future role in the upbringing and care of the children," in contradiction with his interpretation of the statute's mandate. Third, father alleges that the trial court failed to consider that mother's "pattern of behavior . . . impedes the children's relationship with the [father]." Fourth, father alleges that there was less conflict when the parties exercised joint custody and that the trial court's order awarding physical custody to mother contradicts the statute's goal of establishing a custody agreement that is in the best interests of the children.

Father clearly disagrees with the trial court's findings but has failed to point to any evidence showing that the trial court's decision is plainly wrong, or that the trial court made its decision without any evidence to support it. It is not this Court's purpose to dig through the record to make father's case for him. *See Dilaura v. Norfolk Dep't of Hum. Servs.*, No. 0223-17-1, slip op. at 7, 2017 Va. App. LEXIS 289, at \*10 (Nov. 21, 2017) ("It is not this Court's 'function to comb through the record . . . to ferret-out for ourselves the validity of' [father's] assertions." (first alteration in original) (quoting *Fitzgerald v. Bass*, 6 Va. App. 38, 56 n.7 (1988) (en banc))). Our function as an appellate court is to determine whether the evidence in the record supports the trial court's decision. Our review of the record reflects sufficient evidentiary support.

For instance, the trial court heard an abundance of evidence of the parents' constant conflict and inability to come to a consensus about basic decisions in the children's lives. At oral argument, father argued that the trial court had heard evidence that the conflict had in fact resolved itself in the time since the JDR court's ruling, during the period of time in which the parties exercised joint physical custody. Thus, father argues, the trial court's decision to award sole physical custody to mother does not act to reduce conflict nor serve the best interests of the children. Counsel for mother argued that there was evidence showing that the conflict had not disappeared, but merely changed in appearance. While we appreciate father's argument, we cannot go back and re-weigh the evidence of parental conflict. The trial court heard the evidence of reduced parental conflict and how that conflict was manifested. Absent a showing that the trial court's decision lacked any evidence to support it, we cannot overrule the trial court's factual determinations and its discretion in weighing the evidence in this case.

The trial court also heard evidence regarding the new residence maintained by father and that mother still lived in the house where the children had grown up. It would be reasonable for the trial court to decide that, based on the parties' long history of animosity and conflict, split custody would have only increased or maintained that conflict. Additionally, the trial court could have sought consistency for the children in their living arrangements and thus determined that keeping the children in the environment in which they had lived for the entirety of their lives was in the children's best interest. We, as an appellate court, are required to give great deference to the fact-finding of the trial court. We do not examine witnesses or receive evidence. We may examine any legal issues presented to this Court in this matter but must defer to the factual determinations of the trial court unless there is clear evidence of an abuse of discretion. In light of our responsibility to view the evidence and all reasonable inferences that flow from that

evidence in the light most favorable to the prevailing party below, here mother, we cannot say there is error in this case.

Finally, the trial court explicitly stated in its final order that it considered the factors enumerated in Code § 20-124.3. The trial court is not required to "quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." *Sargent*, 20 Va. App. at 702. Father has provided no evidence of plain error in the trial court's custody determination and thus we do not interfere with its decision as to what it determined to be a custody and visitation arrangement that serves the best interests of the children.

B. <u>Assignment of Error IV: The trial court did not err in altering the "status quo" of the custody arrangement.</u>

In order for the trial court to make a determination about the "status quo" of the parties' custody arrangement, the trial court was required to determine what was in the best interests of the children under Code § 20-124.3. "If maintaining the *status quo* is in the 'best interests of the child,' the court shall deny any requests to change custody and order that the *status quo* be maintained." *Cloutier v. Queen*, 35 Va. App. 413, 423-24 (2001). Therefore, we again look to an analysis of the trial court's determination of the best interests of the children and will not overturn the trial court's decision absent abuse of discretion or plain error.

We do not find the trial court to have abused its discretion here. Again, as discussed previously, the trial court heard voluminous evidence about the conflict between the parties, particularly about making decisions involving the children's healthcare. The trial court also heard evidence of the children's academic performance and behavior during the time of joint custody. While there was certainly evidence that some aspects of the joint-custody arrangement worked, there was also evidence of significant conflict, as well as distress of the children about such conflict. In balancing these facts, the trial court was reasonable in determining that an award of sole custody to mother was in the best interests of the children. Once again, we do not

re-weigh the evidence heard by the trial court, and absent evidence of plain error we decline to overturn the trial court's decision.  Therefore, we do not find any error in the trial court's decision to change the custody arrangement from its previous status.

C. <u>Assignment of Error V: The trial court did not err when its decision matched the recommendation of the guardian ad litem.</u>

Father alleges an "over-reliance" of the trial court on the GAL's recommendation. However, the trial court's final order specifically states that while the GAL's recommendations were considered, they were not binding on the court.  Additionally, father alleges that the GAL was biased and the trial court accepted the GAL's recommendation without addressing the "substantiated concerns of bias and misconduct" by the GAL.  Other than a reference made in argument by counsel as to statements made by the GAL during the earlier proceedings in the JDR court, father fails to direct us to any evidence in the record that shows such bias and misconduct.  We find no error in the trial court's actions or evidence of bias by the GAL.

D. <u>Assignment of Error VI: The trial court did not err in sustaining the objection to Exhibit HH.</u>

Father argues the trial court erred in denying the admission of Exhibit HH.  Exhibit HH appeared to be a chart made by father of the number of occasions he requested additional parenting time.  Mother objected because the exhibit appeared to be demonstrative and there was no additional evidence available to verify the information in the chart.  Father indicated that the chart was a written version of what he was going to testify to at trial.  At that point, the trial court sustained mother's objection, and father moved on to other testimony and failed to testify to the particulars pertaining to the refused exhibit.

"With regard to the admission of evidence, the responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court." *Brugh v. Jones*, 265 Va. 136, 140 (2003).  Therefore, we will only overturn the trial court's

decision to reject Exhibit HH if we find the trial court to have "abuse[d] its discretion" and been "plainly wrong." *Northcutt v. Northcutt*, 39 Va. App. 192, 196 (2002) ("We will reverse the trial court [for an abuse of discretion] only when its decision is plainly wrong or without evidence to support it.").

We find no abuse of discretion by the trial court in its rejection of Exhibit HH. At trial, father indicated to the trial court that the information in Exhibit HH was going to be testified to during the trial. "Relevant evidence may be excluded if . . . the evidence is needlessly cumulative." Va. R. Evid. 2:403(b). Father's failure to subsequently testify to the evidence in Exhibit HH, which he stated his intent to do, does not then establish that the trial court abused its discretion in refusing the exhibit. We find no error in the trial court's refusal of Exhibit HH.

E. Assignment of Error VII: The trial court fulfilled its duty under Code § 20-124.2.

Father argues that the court erred in its custody decision because it did not properly follow the mandates of Code § 20-124.2. We disagree.

Father alleges that the trial court violated Code § 20-124.2(A) and Canon 3(B)[4] by failing to adjudicate the matter in a timely manner. However, father acknowledges that at least one hearing occurred in the six-month time period between trial and the final order, and in our review of the record we are aware of an additional hearing, as well as the time necessary for the submission of written final arguments by the parties that needed to be considered by the trial court before rendering a decision. We find no evidence, and father fails to point us to any, that would suggest that the trial court improperly delayed its ruling.

---

[4] Judicial canons are not dispositive to our opinions, and thus are not considered here. *See Williams & Connolly, LLP v. People for the Ethical Treatment of Animals, Inc.*, 273 Va. 498, 516 (2007); *Stewart v. Commonwealth*, No. 2453-11-4, slip op. at 4 n.3, 2012 Va. App. LEXIS 327, at *7 n.3 (Oct. 16, 2012).

Relatedly, father alleges that the trial court's decision fails to preserve the "dignity and resources of family members" by imposing an "undue financial burden" on him. However, again father fails to point to any evidence in the record that supports his claim.

Father also claims that the trial court's decision goes against the "continuing contact" principle laid out in the statute. However, the trial court's decision, although potentially reducing frequency and duration of father's time with the children, does not prevent father from seeing his children and provides for scheduled visitation.

Finally, father claims the trial court did not maintain the "essence and balance of the parent-child relationship" as is, in father's words, the "statute's spirit." Again, we disagree. Both parents share legal custody and given the significant conflict between the parents, it was entirely reasonable for the trial court to award sole physical custody to one party over another to minimize conflict in the best interests of the children. As such, we find no error in the trial court's custody decision.

Child custody decisions are among the most difficult tasks that face a trial court. Issues of parental autonomy are at odds when loving parents differ as to these decisions. Disagreements are often profound. Yet the statutory scheme reflected in the Code of Virginia provides trial courts the overriding principle to guide its decision: what is in the best interests of the child? Guided by that principle, the trial court has broad discretion in determining what promotes the best interests of the children. We find no abuse of that discretion in this case.

### III. CONCLUSION

We find no error in the trial court's custody decision and affirm.

*Affirmed.*